Sylaj v. Holder

BIA
Abrams, IJ
A088 533 483/84

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SHKELZEN SYLAJ, ARIANA SYLAJ,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-1206 (L),
11-4879 (Con)

NAC

_____

FOR PETITIONERS:     Michael P. DiRaimondo (Marialaina L. Masi, Stacy A. Huber, on the brief), DiRaimondo & Masi, LLP, Melville, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Christopher Buchanan, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.**

UPON DUE CONSIDERATION of these consolidated petitions for review of two decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioners Shkelzen Sylaj ("Shkelzen") and Ariana Sylaj, natives and citizens of Albania, seek review of a February 25, 2011, order of the BIA affirming the May 13, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shkelzen Sylaj*, *Ariana Sylaj*, Nos. A088 533 483/84 (B.I.A. Feb. 25, 2011), *aff'g* Nos. A088 533 483/84 (Immig. Ct. N.Y. City May 13, 2009). Petitioners additionally seek review of an October 31, 2011 order of the BIA denying their motion to reopen the immigration proceedings. *In re Shkelzen Sylaj*, *Ariana Sylaj*, Nos. A088 533 483/84 (B.I.A. Oct. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency's determination that Petitioners have not demonstrated past persecution on account of their family membership is supported by substantial evidence. Shkelzen's uncle committed the crime that started the "blood feud," and Shkelzen was only lightly wounded when his uncle was murdered, which suggest that Shkelzen was not a target of his uncle's murderers. Furthermore, neither Shkelzen nor any member of his family in Albania has been harmed since his uncle's death in 1995. The agency's determination that Petitioners do not have a well-founded fear of persecution is also supported by substantial evidence. Shkelzen was not a target of his uncle's murderers. Neither Shkelzen nor any member of his family in Albania has been harmed since the uncle's death in 1995. The Albanian government has recently increased the penalties for committing murder in furtherance of a blood feud, and has criminalized mere participation in

a blood feud.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng*, 562 F.3d at 513.

In its February 2011 decision, the BIA did not abuse its discretion by denying Petitioners' request for remand to the IJ for consideration of additional evidence, because the BIA considered the additional evidence, and it did not negate the substantial evidence supporting the agency's factual determinations that Petitioners had not established past persecution or a well-founded fear of persecution.  *See Sanusi v. Gonzales*, 445 F.3d 193, 201 (2d Cir. 2006) (per curiam).

Since the agency did not err in finding that Petitioners failed to demonstrate either past persecution or a well-founded fear of persecution, it reasonably denied them withholding of removal and CAT relief, as those claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Similarly, the evidence that Petitioners submitted with their motion to reopen, taken together with previously submitted evidence, did not establish a *prima facie* case for the relief sought, since it also did not negate the substantial evidence supporting the agency's factual

4

determinations that Petitioners had not established past persecution or a well-founded fear of persecution. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). Therefore, the BIA did not abuse its discretion by denying the motion to reopen. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Moreover, contrary to Petitioners' contention, the BIA's October 2011 decision reflects that the BIA considered the entire record in deciding the motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001) ("[W]hen faced with a motion to reopen, the Board has an obligation to consider the record as a whole.").

For the foregoing reasons, the petitions for review are DENIED and the pending motion for a stay of removal in these petitions is DISMISSED as moot. The pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk